UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST MERCURY INSURANCE CO.,

    Plaintiff/Counter-Defendant,

                                                                      Case No. 09-14918

v.                                                          Hon. Lawrence P. Zatkoff

CHRISTOPHER K CORP. and
CHRISTOPHER K HOLDINGS, LLC,

    Defendants/Counter-Plaintiffs/Cross-Plaintiffs/Cross-Defendants,

and

SENECA INSURANCE COMPANY,

    Defendant/Counter-Plaintiff/Cross-Plaintiff/Cross-Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 10, 2010.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant Seneca Specialty Insurance Company's ("Seneca") motion to partially dismiss Christopher K. Corporation d/b/a Nino's Market's ("CK Corporation") and Christopher K. Holdings, LLC's ("CK Holdings") (collectively "Cross-Plaintiffs") first amended cross-claims against Seneca [dkt 21]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the

briefs submitted. For the reasons set forth below, Defendant Seneca's motion to partially dismiss [dkt 21] is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

This case arises from the destruction of a building by fire that housed Nino's Market ("Nino's"). The blaze was allegedly the result of arson. CK Corporation operated Nino's, and CK Holdings owned the building. Between the damage to the building and to the Nino's business, the losses totaled $781,982.00.

The building and business were insured by two insurance policies—an insurance policy with Plaintiff First Mercury Insurance Co. ("First Mercury") and an insurance policy with Seneca. Each insurance policy with CK Corporation contained a clause stating that the policy was to cover any excess that the primary insurer did not cover. Under the insurance policies, neither First Mercury nor Seneca agreed with CK Corporation to be the primary insurer.

First Mercury filed this action seeking a declaration of its rights and obligations under its insurance policy with CK Corporation and CK Holdings, and how its rights and obligations are affected by the insurance policy between Seneca and CK Corporation and CK Holdings. The insurance companies each contend that the other is the primary insurer. Seneca responded to First Mercury's complaint by requesting the Court to declare that Seneca has no obligation to make payments to First Mercury or Cross-Plaintiffs. Seneca also filed cross-claims against Cross-Plaintiffs requesting the Court to find it has no obligation under the terms of the insurance policy to make any payment to them. Cross-Plaintiffs responded to First Mercury's complaint by filing cross-claims against Seneca and counter-claims against First Mercury to secure the unpaid insurance proceeds, including statutory 12% interest. Specifically, the cross-claims against Seneca allege that

2

Seneca engaged in bad faith by failing to properly adjust and pay the insurance claims according to the insurance policy and for misconduct in processing the insurance claims. Seneca has moved to partially dismiss Cross-Plaintiffs' cross-claims against it.

### III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

### A. CK HOLDINGS'S CLAIMS AGAINST SENECA

In the insurance context, an insurance policy is a contractual agreement between the insurer and the insured. *W. Am. Ins. Co. v. Meridian Mut. Ins. Co.*, 583 N.W.2d 548, 550 (Mich. Ct. App. 1998). The insurer's obligations run to the insured alone. *Bd. of Cnty. Road Comm'rs v. Mich. Prop. & Cas. Guar. Assoc.*, 575 N.W.2d 751, 756 (Mich. 1998). Owning property that is covered by an insurance policy does not make the property owner an insured under the policy, but the property owner may be considered an intended third-party beneficiary. *Schafer Oil Co. v. Universal Underwriters Ins. Co.*, 820 F. Supp. 321, 324 (E.D. Mich. 1993).

Michigan's third-party beneficiary statute, Mich. Comp. Laws § 600.1405, states in pertinent part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person.

"[T]he plain language of this statute reflects that not every person incidentally benefitted by a contractual promise has a right to sue for breach of that promise . . . ." *Brunsell v. Zeeland*, 651 N.W.2d 388, 390 (Mich. 2002). The promisor must have undertaken the promise "'directly' to or for that person." *Schmalfeldt v. North Pointe Ins. Co.*, 670 N.W.2d 651, 654 (Mich. 2003) (citing Mich. Comp. Laws § 600.1405; *Koenig v. South Haven*, 597 N.W.2d 99, 106 (Mich. 1999)). The subjective intent of the parties is irrelevant; the court looks at the contract itself to determine whether a party is an intended third-party beneficiary. *Schafer Oil Co.*, 820 F. Supp. at 324 (citing *Rieth-

4

*Riley Constr. Co., Inc. v. Dep't of Transp.*, 357 N.W.2d 62, 64-65 (Mich. Ct. App. 1984)). Even if a party is found not to be an intended third-party beneficiary, in a declaratory judgment action, once allegations of an actual controversy exist between the party and the insurer, the court then can declare the rights and duties of all interested parties before it. *Allstate Ins. Co v. Hayes*, 499 N.W.2d 743, 744-45 (Mich. 1993).

Seneca argues that CK Holdings's cross-claim against it should be dismissed because no privity of contract exists between CK Holdings and Seneca. Specifically, Seneca alleges that according to the terms of the Seneca insurance policy, CK Holdings is not a named insured under the terms of the insurance policy for loss or damage to Nino's. The only named insured in the Seneca insurance policy is CK Corporation.

In their response, Cross-Plaintiffs argue that CK Holdings: (1) is an insured under the commercial liability coverage; (2) is, at the least, an intended third-party beneficiary of the insurance policy between CK Corporation and Seneca; (3) is the owner of the building Seneca agreed to insure for replacement cost and therefore has a substantial interest in the outcome of this action; and (4) was intended by both parties to be insured under the policy's commercial liability coverage as well as the property liability coverage.

First, the Court finds that CK Holdings is an insured under the commercial liability coverage. Seneca does not dispute this in their reply brief, rather arguing that CK Holdings is not an insured under the property liability coverage. According to the insurance policy attached to the pleadings, an addendum to the insurance policy adds CK Holdings to the commercial liability coverage. The street address of Nino's is listed under the section titled, "All Premises You Own, Rent or Occupy." The commercial general liability coverage section provides coverage for damage to the premises.

5

CK Holdings claim that it is entitled to some amount of relief from Seneca under the insurance policy for damages incurred is plausible.

Furthermore, the Court agrees with Cross-Plaintiffs' second contention that CK Holdings is an intended third-party beneficiary. The focus of the inquiry is whether Seneca, by its agreement to insure CK Corporation for losses incurred in its business, had undertaken to give coverage directly to or for the benefit of CK Holdings. Examining the insurance policy itself, the Court finds that the factual allegations in the pleadings make it plausible that CK Holdings was an intended third-party beneficiary.

The Seneca insurance policy has an addendum that modifies the commercial general liability coverage section. It lists CK Holdings as an additional insured with the same address as Nino's. The commercial general liability coverage section provides coverage for damage to the premises. The policy also states under the "Loss Payment" condition that "[w]e may adjust losses with the owners of lost or damaged property if other than you. If we pay such owners, such payments will satisfy your claims against us for the owners' property. . . ." Moreover, although CK Holdings is not listed as an insured under the property liability coverage section, optional coverages under the property liability coverage section include building replacement cost—limited to $600,000. It's plausible this coverage was not intended for CK Corporation, a tenant, but the owner of the building, CK Holdings. Therefore, by objectively analyzing the insurance policy, the Court finds that it is plausible that Seneca has taken to *directly* offer CK Holdings a benefit by adding CK Holdings as an insured under the commercial general liability coverage section of the insurance policy and using building replacement cost in the property liability coverage section.

In *Hayes*, the court analyzed whether the injured party had standing to remain in the

declaratory action once the insured party had been dismissed from the action and the injured party was determined to not be a third-party beneficiary. *See Hayes,* 499 N.W.2d at 745. Since the Court finds it's plausible that CK Holdings is an insured under the commercial liability coverage section and an intended third-party beneficiary of the insurance policy, the Court also finds it plausible that CK Holdings has standing because it has a substantial interest in the outcome of the action.

The Court will not consider Cross-Plaintiffs' fourth allegation made in their response brief that the parties intended CK Holdings and CK Corporation to be insured under both coverage sections of the insurance policy. Cross-Plaintiffs argue because of the subjective intent of the parties at the time the insurance policy was signed, the Court should reform the insurance policy to match Seneca's and Cross-Plaintiffs' intentions. The Court will not address this allegation because Cross-Plaintiffs failed to plead any allegations or legal support in their pleadings, rather arguing this allegation for the first time in their response brief to Seneca's motion to partially dismiss. *See Jocham v. Tuscola Cnty*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) ("The pleadings contain no such allegation, and the plaintiffs may not amend their complaint through a response brief.") (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.")).

Accordingly, CK Holdings's cross-claim against Seneca is not dismissed for failure to state a claim.

### B. BAD FAITH CLAIM

Seneca further argues that Cross-Plaintiffs' cross-claim[1] of bad faith should be dismissed because it does not state a legally cognizable cause of action under the law of the State of Michigan.

---

[1] CK Holdings and CK Corporation allege identical claims against Seneca.

Cross-Plaintiffs counter that Seneca has mischaracterized the language of their cross-claim. Although they allege that Seneca engaged in bad faith, they are not claiming damages under a separate cause of action for the tort of bad faith. Therefore, the Court dismisses Cross-Plaintiffs' cross-claim to the extent Cross-Plaintiffs were seeking damages for a separate cause of action for the tort of bad faith.

### C. MICH. COMP. LAWS § 500.2006 PENALTY INTEREST DAMAGES

In its motion, Seneca does not dispute that Cross-Plaintiffs can claim twelve percent penalty interest pursuant to Mich. Comp. Laws § 500.2006. Rather, Seneca argues that Cross-Plaintiffs' cross-claim for additional damages for violation of Mich. Comp. Laws § 500.2006 fails to state a claim recognized under the law of the State of Michigan. Cross-Plaintiffs respond that Seneca misinterpreted their cross-claim because Cross-Plaintiffs are only seeking the twelve percent penalty interest, not any other damages based on Mich. Comp. Laws § 500.2006. Therefore, the Court dismisses Cross-Plaintiffs' cross-claim to the extent Cross-Plaintiffs were seeking damages based on Mich. Comp. Laws § 500.2006 in addition to the statutorily provided twelve percent penalty interest, leaving only a cross-claim for twelve percent penalty interest.

### D. EXTRA-CONTRACTUAL DAMAGES

In its motion, Seneca only mentions in passing on its final page that the Court should "[d]ismiss all claims for attorney fees and extra-contractual damages." Seneca, however, fails to provide any law or further explanation what it means by "extra-contractual damages." The phrase "extra-contractual damages" is vague, and could very well include damages such as twelve percent penalty interest, which is specifically provided for by Mich. Comp. Laws § 500.2006 and requested by Cross-Plaintiffs in this action. Therefore, the Court denies Seneca's motion to partially dismiss

8

Cross-Plaintiffs' cross-claim for extra-contractual damages.

### E. ATTORNEY'S FEES

In Michigan, the recovery of attorney fees is governed by the "American rule." *Burnside v. State Farm Fire & Casualty Co.*, 528 N.W.2d 749, 751 (Mich. Ct. App. 1995), *appeal denied*, 539 N.W.2d 508 (Mich. 1995); *Matras v. Amoco Oil Co.*, 385 N.W.2d 586, 594-95 (Mich. 1986). According to the American rule, attorney fees are limited to instances where such fees are expressly authorized by statute, court rule, or a recognized exception. *Dessart v. Burak*, 678 N.W.2d 615, 617-18 (Mich. 2004); *Burnside*, 528 N.W.2d at 751. Exceptions to the American rule are construed narrowly. *Brooks v. Rose*, 478 N.W.2d 731, 736 (Mich. Ct. App. 1991); *Scott v. Hurd-Corrigan Moving & Storage Co., Inc.*, 302 N.W.2d 867, 877-78 (Mich. Ct. App.1981). Attorney fees incurred as the result of an insurer's bad-faith refusal to pay a claim is not a recognized exception to the American rule. *Burnside*, 528 N.W.2d at 750.

Cross-Plaintiffs seek attorney fees from Seneca because of its allegedly bad faith conduct by failing to properly adjust and pay the insurance claims according to the insurance policy and for misconduct in processing the insurance claims. Seneca contends that under the American Rule that is adopted by the State of Michigan, Cross-Plaintiffs' cross-claim for attorney fees fails according to the holding in *Burnside*, which states an insurer's bad-faith refusal to pay a claim is not a recognized exception to the American rule.

To the contrary, Cross-Plaintiffs assert that Seneca's reliance on *Burnside* is misplaced for three reasons. First, the later Michigan Supreme Court decision in *Nemeth v. Abonmarche Dev., Inc.*, 576 N.W.2d 641 (Mich. 1998), is controlling. Second, *Burnside's* holding rests on an erroneous interpretation of *Kewin v. Massachusetts Mut. Life Ins. Co.*, 295 N.W.2d 50 (Mich. 1980).

9

Third, *Burnside's* holding also incorrectly determined that Mich. Comp. Laws § 500.2006 is an insured's sole remedy when an insurer breaches a policy in bad faith.

The Court finds Cross-Plaintiffs' arguments are unconvincing and *Burnside's* holding does apply to the instant action. First, *Nemeth* did not decide whether attorney fees may be awarded for the breach of an insurance policy. Rather, *Nemeth* considered whether attorney fees could be awarded according to the language of the Michigan Environmental Protection Act. *Nemeth*, 576 N.W.2d, at 463. Second, the *Burnside* court noted that *Kewin* did not address the issue of whether attorney fees are barred in all breach of insurance policy claims. *Burnside*, 528 N.W.2d at 752. Third, the *Burnside* court never determined that Mich. Comp. Laws § 500. 2006 was the sole remedy for when an insurer breaches a policy in bad faith, instead stating that the statute did not authorize attorney fees. *Burnside*, 528 N.W.2d at 753.

Thus, this Court finds Cross-Plaintiffs' arguments for allowing attorney fees in this specific context unpersuasive. Accordingly, to the extent Cross-Plaintiffs are seeking attorney fees because of Seneca's alleged bad-faith refusal to pay a claim on the underlying insurance policy, the Court finds Cross-Plaintiffs' cross-claim is dismissed for failure to state a claim upon which relief can be granted.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant Seneca's motion to partially dismiss [dkt 21] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 10, 2010.

s/Marie E. Verlinde

Case Manager
(810) 984-3290